IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


KENNETH MIKOLON,

      Petitioner,

v.                                           Civil Action No. 5:11cv20
                                           (Judge Stamp)

UNITED STATES,

      Respondent.

## OPINION/REPORT AND RECOMMENDATION ON THE PETITIONER'S MOTION FOR SUMMARY JUDGMENT

On March 4, 2011, the Court issued an Order directing the respondent to show cause why the petitioner's § 2241 petition should not be granted. [Dckt. 12]  On March 31, 2011, the respondent filed a Motion for Enlargement of Time to respond in order to procure records from various state and federal agencies relevant to the petitioner's claims.[1] [Dckt. 14]  On April 6, 2011, for good cause shown,[2] the Court granted the respondent's request. [Dckt. 15]  The respondent's response to the petition is now due on June 1, 2011. *Id.*

Later that same day, the Court received the petitioner's "Response to Respondent's Motion

---

[1] The petitioner is currently confined by the West Virginia Division of Corrections at the Huttonsville Correctional Center, for charges stemming from the Circuit Court of Taylor County, West Virginia. However, the claim raised in the petition involves a detainer lodged against the petitioner by the United States Marshal Service for the Northern District of West Virginia. That alleged detainer pertains to federal charges arising from the United States District Court and the United States Attorney's Office for the District of New Mexico. The respondent asserts that it is necessary to procure records from all of these various state and federal agencies, and that it will take time to obtain all of the relevant documents and review them, in order to formulate a complete and accurate responsive pleading.

[2] See note 1, *infra*.

for Enlargement of Time and Motion for Summary Judgment." [Dckt. 17] In his response, the petitioner contends that the respondent has failed to show good cause for extending the time to respond and requests the motion be denied. *Id*. at 1. Moreover, he asserts that the respondent has already been granted sufficient time to obtain the requested documents and that this "late hour" motion is merely a delay tactic. *Id.* at 2. Furthermore, the petitioner contends that because the respondent has failed to show good cause for an extension of time, he has proven that the respondent does not have the necessary facts to support the issuance of the detainer, and that he is therefore entitled to summary judgment. *Id.* at 2.

This Court has already found good cause for granting the respondent's motion for enlargement of time, and the petitioner's response to that motion does not provide any information which undermines the Court's previous assessment of the respondent's motion. The petitioner's claims of deceit and delay are speculative.

As to the petitioner's request for summary judgment, under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). At this point, the Court has found that a response to the petition is necessary to determining the merits of the petitioner's claims. However, the government has not filed response to the petition, and in fact, a response is not due until June 1, 2011. Thus, it is not yet clear whether there are any genuine issues of material fact with respect to the petitioner's claims. Accordingly, the petitioner's motion for summary judgment is premature and should be denied.

For the reasons stated, the undersigned recommends that the petitioner's Motion for

Summary Judgment [dckt. 17] be **DENIED without prejudice as premature**.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 8, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE