IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNETH MIKOLON,
Petitioner,

v.  Civil Action No. 5:11CV20
(JUDGE STAMP)

UNITED STATES,
Respondent.

## REPORT AND RECOMMENDATION/OPINION

### I. PROCEDURAL HISTORY

On February 8, 2011, the *pro se* petitioner, Kenneth Mikolon, an inmate at the time at Huttonsville Correctional Center, a West Virginia Division of Corrections Facility, initiated this case by filing a "Motion to Dismiss the Indictment" pursuant to USCS section 3161(b) and Rule 48(b) of the Federal Rules of Criminal Procedure [Docket Entry 1]. Attached to his Motion was an "Application for Habeas Corpus pursuant to 28 U.S.C. §2241." Petitioner asserts that he is under unlawful detainer. Petitioner also filed a "Motion for Dismissal Due to Unnecessary Pre-Indictment Delay" that same date [Docket Entry 2]. On March 4, 2011, the undersigned entered an "Order to Show Cause" directing the United States to show cause why the writ should not be granted [Docket Entry 12]. On June 1, 2011, Defendant United States filed its "Response to Show Cause Order and Motion to Dismiss, or, in the alternative, Motion for Summary Judgment" [Docket Entry 24]. Petitioner filed a "Response to Memorandum in Support of Response to Show Cause Order and Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on June 16, 2011 [Docket Entry 30]. This matter is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, and is ripe for review.

## II. FACTS

On September 10, 2007, Petitioner was indicted by a West Virginia State Grand Jury.[1] He was released on bond pending trial, which was scheduled for October 8, 2008. Petitioner failed to appear for the start of his jury trial. On October 8, 2008, the State court entered a Capias Order designating Petitioner be considered a dangerous fugitive from justice. On November 18, 2008, members of the United States Marshals Fugitive Task Force arrested Petitioner in New Mexico and he was returned to West Virginia.

Petitioner was indicted on January 20, 2009, on new State of West Virginia charges of Failure to Appear. The Court Ordered consolidation of the two cases and a jury trial was held on May 18, 2009. A guilty verdict was entered on June 2, 2009, on the charge of Failure to Appear. The jury was unable to reach a unanimous verdict on any count contained in the original indictment and a mistrial was declared as to those counts. On July 16, 2009, Petitioner was sentenced to 1-5 years imprisonment on the failure to appear charges.

On January 13, 2011, a Criminal Complaint was filed in the United States District Court for the District of New Mexico, alleging that when Petitioner was arrested on or about November 18, 2008, in New Mexico on the West Virginia capias, he violated 18 U.S.C. section 922(g)(2) and 924(a)(2), by possessing a firearm or ammunition that had moved in or affected interstate commerce while being a fugitive from justice. An arrest warrant was issued by the District of New Mexico, pursuant to which the United States Marshal for the Northern District of West Virginia filed a Detainer against Petitioner, who was at that time incarcerated at the Huttonsville Correctional

---

[1] The undersigned takes judicial notice of all State Court records, which are of public record, attached to the United States' Motion as exhibits.

2

Center, serving his West Virginia sentence for failure to appear.

Petitioner filed the instant petition and Motion on February 8, 2011. Petitioner then filed a motion in State court to dismiss the original State court charges in which the mistrial was declared. A final order was entered on February 18, 2011, dismissing those charges.

### III. The Petition

The Petition, although styled "Motion to Dismiss the Indictment," actually requests this Court dismiss the detainer filed on January 20, 2011. The Motion is made pursuant to United States Code 3161(b) and Fed. R.Crim.P. 48(b). The Application for Habeas Corpus Pursuant to 28 U.S.C. section 2241 states that it concerns the U.S. Marshal Detainer issued from the District Court of New Mexico. Petitioner states the sole following ground(s):

> A. The petitioner is under unlawful detainer for a crime which no longer exists due to dismissal of the charges for which the petitioner was on bail . . . .
>
> The detainer is no longer lawful due to the dismissal of the charges the petitioner was on bail for. This makes the possession of weapons while fleeing bail no crime. Since there was no crime the U.S. Marshals and the Federal Court of New Mexico have no jurisdiction and since the detainer is not longer legal the petitioner is in risk of his future liberty.

Petitioner requests he "be released from Federal detainer and/or indictments stemming from original state indictment from WV 07-F-70 (Taylor County)."

### IV. ANALYSIS

Title 18, section 3161(b) of the United States Code provides:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be

3

extended an additional thirty days.

Petitioner does not fall within the constraints of section 3161(b), as he is requesting the detainer, not an information or indictment, be dismissed. Petitioner has not been charged with the commission of any offense in this District. Further, the detainer was not effective and Petitioner was therefore not "arrested" until on or about July 15, 2011, when Petitioner was brought before this Court.

Petitioner's reliance on Rule 48(b) is similarly misplaced, as that Rule provides:

> The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:
> (1) presenting a charge to a grand jury;
>
> (2) filing an information against a defendant; or
>
> (3) bringing a defendant to trial.

Again, this Court is not being asked to dismiss an indictment, information, or complaint, and, in fact, there is no indictment, information, or complaint filed against Petitioner in this District.

In U.S. v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044(1977), the United States Supreme Court stated:

> In United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), this Court considered the significance, for constitutional purposes, of a lengthy preindictment delay. We held that as far as the Speedy Trial Clause of the Sixth Amendment is concerned, such delay is wholly irrelevant, since our analysis of the language, history, and purposes of the Clause persuaded us that only "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge. . . engage the particular protections of that provision. Id., at 320, 92 S.Ct., at 463 . . . .

In a footnote in Lovasco, the Supreme Court also noted:

> Marion also holds that Fed. Rule Crim. Proc. 48(b), which permits district courts to dismiss indictments due to preindictment or postindictment delays, is "limited to

4

post-arrest situations." 404 U.S., at 319, 92 S.Ct., at 462.

The Fourth Circuit has similarly held that "critical . . . to all those claims is the determination of the date of the defendant's arrest under the charges." United States v. Daniels, 698 F.2d 221 (4th Cir. 1983).

The undersigned therefore finds Petitioner has stated no grounds available in this Court for the relief he requests.

Even if this Court were to find Petitioner's Motion and Petition were properly brought before this Court, Petitioner's motion must fail in this Circuit. Petitioner's sole ground for relief in his original Petition is:

> The detainer is no longer lawful due to the dismissal of the charges the petitioner was on bail for. This makes the possession of weapons while fleeing bail no crime. Since there was no crime the U.S. Marshals and the Federal Court of New Mexico have no jurisdiction and since the detainer is not longer legal the petitioner is in risk of his future liberty.

The term "fugitive from justice" is defined in 18 U.S.C. § 921(a)(15) as "any person who has fled from any state to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding." There is no requirement that the person be convicted of the charges or even be charged with a crime. In U.S. v. Spillane, 913 F.2d 1079 (4th Cir. 1990), the Fourth Circuit held:

> Any person who, knowing that charges are pending, purposely (1) leaves the jurisdiction of prosecution and (2) refuses to answer those charges by way of appearance before the prosecuting tribunal, is a fugitive from justice. It is not necessary that the accused make a furtive exit from the prosecuting jurisdiction.
>
> The appellant's well documented failure to answer the charges pending against him in New York City leads to no other conclusion than that he purposefully absented himself in hopes of avoiding prosecution. This we now hold is sufficient evidence of flight and accordingly the appellant was properly charged and convicted of being an 18 U.S.C. section 922 fugitive from justice.

The undersigned finds that under Fourth Circuit law, Petitioner was a fugitive from justice at the time he was allegedly found to be in possession of firearms and/or ammunition in New Mexico in November 2008. That the original West Virginia charges were eventually dismissed after a mistrial does not alter that fact.

In his "Motion to Dismiss," Petitioner asserts different grounds, that being that the delay in filing the detainer prejudiced him and deprived him of his rights under the Due Process Clause of the 5th Amendment of the United States Constitution. In the recent case U.S. v. Shealey, 641 F.3d 627 (4th Cir. 2011), the Fourth Circuit stated:

> "The Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

In U.S. v. Uribe-Rios, 558 F.3d 347 (4th Cir. 2009), the Fourth Circuit announced the procedure used in making the above determination:

> We conduct a two-pronged inquiry to evaluate a defendant's claim that pre-indictment delay violated his right to due process. United States v. Automated Med. Labs., Inc., 770 F.2d 399, 403 (4th Cir.1985). First, we ask whether the defendant has satisfied his burden of proving "actual prejudice." Id. Second, if that threshold requirement is met, we consider the government's reasons for the delay, "balancing the prejudice to the defendant with the Government's justification for delay." Id. at 404 (citation omitted). The "basic inquiry then becomes whether the Government's action in prosecuting after substantial delay violates 'fundamental conceptions of justice' or 'the community's sense of fair play and decency.' " Id. (quoting United States v. Lovasco, 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977)).

In U.S. v. Shealey, 641 F.3d 627 (4th Cir. 2011), the Court expressed the burden on the claimant to prove actual prejudice:

"This is a heavy burden because it requires not only that a defendant show actual prejudice, as opposed to mere speculative prejudice, but also that he show that any actual prejudice was substantial - - that he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected." <u>Jones v. Angelone</u>, 94 F.3d 900, 907 (4th Cir. 1996)(citations omitted).

In his Motion to Dismiss Petitioner asserts he has been prejudiced by the detainer because: 1) there was no notification of any charge, arrest, or indictment prior to the detainer; 2) loss of personal memory of the events, loss of defense witness, and possible loss of physical and documentary evidence over the intervening time; 3) the Federal Prosecutor is either maliciously or vindictively seeking to prolong the Petitioner's sentence since he may be granted a concurrent sentence [or] the Federal Prosecutor has been neglectful of his duties or less than diligent in not filing the detainer in the proper time limit, thus putting an unfair burden on the Petitioner and on the Government to prosecute this case at this time; and 4) the search of the vehicle was illegal and the evidence found therein is not admissible because there was no warrant nor was there probable cause for the vehicle search.

Again, the undersigned finds this Court is not the proper jurisdiction and Petitioner's 2241 is not the proper avenue for his claims, which are properly before the District of New Mexico. Even if, *arguendo*, this Court were to find the issue was properly before it, substantively, Petitioner has not met the threshold requirement under Fourth Circuit law that he prove actual prejudice. Notably, the undersigned finds grounds 1) and 4) do not even relate to the claims of unnecessary delay. Additionally, his claim of <u>possible</u> loss of physical and documentary evidence is, on its face, speculative. His claim of loss of his own memory of the events and loss of defense witness is also not only speculative, but Petitioner does not meet his burden of showing this prejudice, if any, was substantial - - that he is meaningfully impaired in his ability to defend against the state's charges to

7

such an extent that the disposition of the criminal proceeding is likely affected.

Finally, Petitioner's argument that pre-indictment delay cost him the chance to serve his federal and state sentences concurrently has already been rejected as actual prejudice by the Fourth Circuit in Uribe-Rios as follows:

> We reject this argument for several reasons. First, because there is no right to serve state and federal sentences concurrently, and appellant's lost chance of doing so cannot be used to establish prejudice for the purposes of challenging pre-indictment delay. United States v. Ferguson, 48 F.3d 1217, 1995 WL 107358, at *3 (4th Cir. 1995)(unpublished)(citing United States v. Fuzer, 18 F.3d 517, 520 (7th Cir. 1994)(focusing on the speculative nature of a potential award of concurrent sentences . . . .
>
> Second, we note that the opportunity to serve concurrent sentences does not implicate Appellant's Fifth Amendment right to a fair trial. See United States v. Ricketson, 498 F.2d 367, 370-71 (7th Cir. 1974); United States v. Fromal, 725 F.Supp. 856, 858 (E.D.Pa. 1989).

The undersigned therefore finds Petitioner has not met the threshold burden of proving actual prejudice.

The undersigned further finds Petitioner has not shown the delay was an intentional device to gain tactical advantage over him at trial. Petitioner himself argues the delay puts "an unfair burden on the Petitioner and on the Government to prosecute this case at this time."

For all the above reasons, the undersigned finds this Court is without jurisdiction and is not the proper venue to settle these claims, and because Petitioner has failed to meet his burden of proving that pre-indictment delay actually prejudiced his right to a fair trial, his Fifth Amendment claim also fails.

## V. RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge recommends that the petitioner's §2241 petition and "Motion to Dismiss the Indictment"[Docket Entry 1] as well as

his "Motion for Dismissal Due to Unnecessary Pre-Indictment Delay" [Docket Entry 2] all be **DENIED**, and the United States' "Motion to Dismiss" [Docket Entry 24] be **GRANTED** and this matter be dismissed and stricken from the Court's docket.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record and to provide a copy to the United States Marshal for hand delivery and service on Petitioner, Kenneth Mikolon, where he is currently detained at the Central Regional Jail.

DATED: July 22, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE