IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


KENNETH MIKOLON,

      Petitioner,

v.                                Civil Action No. 5:11CV20
                                            (STAMP)

UNITED STATES OF AMERICA,

      Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

On February 8, 2011, the pro se[1] petitioner, Kenneth Mikolon, an inmate at Huttonsville Correctional Center, filed a motion to dismiss the indictment.  Attached to this motion was an application for habeas corpus pursuant to 28 U.S.C. § 2241.  That same day, the petitioner also filed a motion for dismissal due to unnecessary pre-indictment delay.  The petitioner asserts that the delay by the United States in filing the detainer has prejudiced him and deprived him of his due process rights.  In response to an order to show cause issued by United States Magistrate Judge John S. Kaull on March 4, 2011, the government filed a motion to dismiss or, in the alternative, motion for summary judgment.  On June 16, 2011, the petitioner filed a response to the government's motion to dismiss or, in the alternative, motion for summary judgment.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

This matter was referred to Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. On July 22, 2011, the magistrate judge issued a report and recommendation recommending that the petitioner's § 2241 petition, his motion to dismiss the indictment, and his motion for dismissal due to unnecessary pre-indictment delay all be denied and that the United States' motion to dismiss be granted. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation.

On July 28, 2011, the petitioner filed a response/objections to the report and recommendation in which he reiterates that the government's delay in filing a complaint or an arrest warrant in his case was a clear violation of due process and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq. According to the petitioner, this delay aided the government in pressuring him to sign a plea agreement. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

A § 2241 motion is used to attack the manner in which a sentence is executed. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973). The petitioner's application for habeas corpus pursuant to § 2241 states that this petition concerns the detainer issued from the United States District Court for the District of New Mexico. The petitioner's motion to dismiss the indictment pursuant to 18 U.S.C. § 3161(b) and Federal Rule of Criminal Procedure 48(b), although styled as a motion to dismiss the indictment, actually requests that this Court dismiss the detainer filed on January 20, 2011. In his § 2241 application, the petitioner asserts that he is under unlawful detainer for a crime which no longer exists and that the detainer is no longer lawful due to the dismissal of the charges the petitioner was on bail for. As relief, the petitioner requests that he be released from federal detainer.

In its motion to dismiss or, in the alternative, motion for summary judgment, the United States argues: (1) the petitioner has

failed to state a claim upon which relief may be granted or, in the alternative, the respondent is entitled to summary judgment; and (2) the petitioner has failed to exhaust administrative remedies. According to the United States, the petitioner makes factual allegations in his petition that are disingenuous or erroneous on their face.

In his report and recommendation, the magistrate judge first addresses the petitioner's argument that his detainer should be dismissed pursuant to 18 U.S.C. § 3161(b). This Court agrees that because the petitioner is requesting that a detainer be dismissed, he does not fall within the constraints of § 3161(b), which applies to "any information or indictment." 18 U.S.C. § 3161(b). The Eleventh, Sixth, and Fifth Circuits have held that a federal detainer does not qualify as an arrest within the meaning of § 3161(b). Therefore, the protections of § 3161(b) are not triggered by the filing of a federal detainer. United States v. Shahryar, 719 F.2d 1522, 1524 (11th Cir. 1983); United States v. Copley, 774 F.2d 728, 730-31 (6th Cir. 1985); United States v. Johnson, 815 F.2d 309, 312 n.2 (5th Cir. 1987). This Court further agrees with the magistrate judge's conclusion that the petitioner's reliance on Federal Rule of Criminal Procedure 48(b) is similarly misplaced. Again, because the petitioner is requesting the dismissal of a detainer, not an "indictment, information, or

4

complaint," Rule 48(b) is inapplicable.  Fed. R. Crim. P. 48(b).[2]

Thus, this Court concludes that the petitioner has stated no

grounds in support of the relief he requests.

The magistrate judge goes on to explain that even if this

Court were to find that the petitioner's § 2241 petition and motion

to dismiss the indictment were properly before this Court, the

petitioner's motion must fail on the merits.  This Court agrees.

At the time of his arrest in New Mexico, the petitioner was free on

bail pending a trial of felony charges in Taylor County Circuit

Court Case Number 07-F-70.  While the petitioner is correct that

these felony charges were later dismissed as a result of a

mistrial, the arrest in New Mexico was unrelated to the felonies

charged in West Virginia in case number 07-F-70.  The criminal

complaint filed in the United States District Court for the

District of New Mexico charged the petitioner with being in

possession of firearms and/or ammunition while he was a fugitive

from justice.  The law of the United States Court of Appeals for

the Fourth Circuit confirms that the petitioner was, in fact, a

fugitive from justice at the time he was allegedly found to be in

possession of firearms and/or ammunition in New Mexico in November

2008.  See 18 U.S.C. § 921(a)(15); United States v. Spillane, 913

F.2d 1079, 1081 (4th Cir. 1990) (defining fugitive from justice).

Contrary to the petitioner's assertion, the eventual dismissal of

---

[2]Notably, the petitioner cites the language of Rule 48(b) in
his objections.

the underlying charges does not change the fact that the petitioner was a fugitive from justice when he was arrested, nor does it make the detainer unlawful.  The petitioner has not, and cannot, offer any evidence to suggest that the charges described in the criminal complaint filed in the United States District Court for the District of New Mexico are unlawful or improper.

Next, the magistrate judge discusses whether the delay in filing the detainer prejudiced the petitioner and deprived him of his rights under the Due Process Clause of the Fifth Amendment.  Under Fourth Circuit law, the Due Process Clause requires dismissal of the indictment "if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to the appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." United States v. Shealey, 641 F.3d 627, 633 (4th Cir. 2011) (quoting United States v. Marion, 404 U.S. 307, 324 (1971)).  This Court agrees with the magistrate judge that this Court is not the proper jurisdiction, and a § 2241 petition not the proper avenue, for the petitioner's claims.  Instead, the petitioner's claims are properly before the District of New Mexico.  See Degina v. Carlson, No. H 85-773, 1986 WL 15401, at *3 (D. Conn. Dec. 22, 1986) (stating that the authority to dismiss a detainer is expressly granted only to the charging jurisdiction).

Even if these issues were properly before this Court, this Court finds that the petitioner has not met the threshold

requirement of proving that actual substantial prejudice resulted from pre-indictment delay.  See Jones v. Angelone, 94 F.3d 900, 907 (4th Cir. 1996) (stating that the defendant must show that he was "meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected.").  The grounds that the petitioner asserts in support of his claim of unnecessary delay are either unrelated to the claim, speculative, or fall short of proving that the petitioner suffered actual, substantial prejudice.

This Court now turns to the petitioner's argument that pre-indictment delay cost him the chance to serve his federal and state sentences concurrently.  As the magistrate judge correctly stated, the Fourth Circuit has held that "there is no right to serve state and federal sentences concurrently, and appellant's lost chance of doing so cannot be used to establish prejudice for the purposes of challenging pre-indictment delay."  United States v. Uribe-Rios, 558 F.3d 347, 358 (4th Cir. 2009).  Further, the petitioner has presented no facts proving that the delay was an intentional device to gain a tactical advantage over him at trial.  In his objections, the petitioner asserts that the government delayed in order to pressure him into signing a plea agreement, but he offers no evidence in support of this contention.  Although the government's delay may have caused petitioner stress and anxiety, as he claims in his objections, this does not rise to the level of prejudicing his right to a fair trial.  This Court agrees that the petitioner

has failed to meet his burden of proving that pre-indictment delay actually prejudiced his right to a fair trial. Thus, the petitioner's Fifth Amendment claim also fails.

Although the magistrate judge does not address the respondent's argument that the petitioner has failed to exhaust his administrative remedies, because this Court must review the report and recommendation <u>de novo</u>, it will address the issue of exhaustion. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under any federal law must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion under § 1997e(a) is mandatory, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case <u>sua sponte</u>. <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 682 (4th Cir. 2005).

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 542.13. The BOP's formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, <u>et seq</u>. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal

with the Regional Director of the BOP.  28 C.F.R. § 542.15.  The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel.  Id.  An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above.  See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

In this case, it is evident from the petition itself that the petitioner has failed to exhaust available administrative remedies. On his application for habeas corpus pursuant to 28 U.S.C. § 2241, the petitioner failed or refused to complete that portion of the form that inquired as to his use of the prison's internal grievance procedure. Application for Habeas Corpus ¶ 14.  Additionally, because the petitioner commenced this action a mere thirty (30) days after his receipt of the detainer, he did not have sufficient time to exhaust available administrative remedies.  The petitioner's objections to do not address the United States'

argument that he failed to exhaust his administrative remedies, but the failure to exhaust is apparent from the face of the petition. Thus, the petition must be denied. Even if the petitioner had properly exhausted his administrative remedies, for the reasons stated above, this Court finds that his petition must be denied.

## IV.  Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE (Doc. 1). Additionally, the petitioner's motion to dismiss the indictment (Doc. 1), as well as his motion for dismissal due to pre-indictment delay (Doc. 2), are DENIED. The United States' motion to dismiss (Doc. 24) is GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255

proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 18, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE